In re Al L. LIPETZKY, Patricia M. Lipetzky d/b/a Chalet Motel, Debtors.

Al L. LIPETZKY and Patricia M. Lipetzky, d/b/a Chalet Motel, Plaintiffs,

v.

The DEPARTMENT OF REVENUE OF the STATE OF MONTANA; Flathead County Commissioners and Flathead County Treasurer, Defendants.

Bankruptcy No. 285–00260.
Adv. No. 286/0033.

United States Bankruptcy Court,
D. Montana.

Nov. 4, 1986.

Ralph B. Kirscher, Worden, Thane & Haines, P.C., Missoula, Mont., for debtors/plaintiffs.

Larry G. Schuster, Counsel, Dept. of Revenue, Helena, Mont., Dennis Hester, Deputy Co. Atty., Kalispell, Mont., for defendants.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 4th day of November, 1986.

The Debtors commenced this adversary proceeding objecting to the Proof of Claim of Flathead County and seeking a determination of the property tax assessment on improvements to real property in Flathead County, Montana, for the years 1981 through 1985 inclusive. Also named as a party defendant and appearing at trial is the Department of Revenue of the State of Montana ("DOR"), a member of the Executive Branch of the state government. Jurisdictional issues were raised by the Defendants prior to trial, which were resolved by this Court's Order of September 5, 1986, finding jurisdiction with this Court. Thus, the trial of September 22, 1986, went to the merits of the complaint.

The procedure and events culminating in the filing of this adversary proceeding have been fully developed in the preceding briefs and September 5 Order of this Court and do not require further reiteration. Suffice it to say Flathead County has filed two Proofs of Claim, the latest June 25, 1986, for real estate taxes due for the years 1980 through 1985. The claim states the amount due as $49,344.61 principal and $11,977.12 in penalty and interest, for a total debt of $61,321.73. The Debtors refute the property valuations and resulting tax liability conclusions drawn by the DOR, alleging the value of the improvements subject to the tax are considerably lower than the DOR figure and that the Debtors' property tax liability for the years 1981 through 1985 stands at $25,292.63, a difference of $24,051.98 in principal amount. The matter was pending, on appeal in the State District Court, Eleventh Judicial District, at the time of the filing of the petition, and is stayed pursuant to Section 362 of the Bankruptcy Code.

The Defendants basis of valuation for determination of the tax on the improvements was by use of the Marshall and Swift Valuation Service, as testified to by Ernest Hutchison, Appraisal Supervisor for Flathead County. It is important to note that the Department of Revenue enters a tax proceeding case with the presumption that its appraisals and assessments are correct. *Western Airlines v. Michunovich*, 149 Mont. 347, 428 P.2d 3 (1967). Thus the burden is on the Plaintiffs to overcome the valuation figures of the DOR as being capricious, arbitrary or otherwith unreliable. A Proof of Claim executed and filed in accordance with Bankruptcy Rule 3001 constitutes prima facie evidence of the validity and amount of the claim. At a hearing on objection to a Proof of Claim, the burden of going forward with the evidence is on the Debtor. *In Re Vic Snyder*, 50 B.R. 631 (Bankr.E.D.Pa.1985).

■ The Debtors presented evidence regarding the lower valuation figures through the testimony of Donald McBurney. Defendant DOR through voir dire examination objected to any testimony on valuation by Mr. McBurney on the grounds McBurney lacked the necessary credentials to qualify as an expert appraiser of the motel property in question. The Court took the objection under advisement and allowed the witness to testify.

McBurney is a self-employed real estate appraiser in the Whitefish, Montana area. He has done numerous appraisals for lending institutions in the area since establishing himself in 1981. His first appraisal was conducted in 1983. Since that time he estimates he has participated in over one thousand tax appeals starting at the local level through the state level. McBurney's educational background consists of a graduate degree in theology. He admits to no scholarly training in the fields of taxes, statistics and real estate. The majority of his appraisal work has been in the area of residential property. As far as expertise in commercial property appraisals, McBurney's experience has been appraisal of the real property of a mobile home park and he admits to no prior experience in appraising a major commercial development such as a motel, bank building or shopping center.

Expert testimony is considered at Rule 702, F.R.Evid. It provides:

"Rule 702. Testimony by Experts.

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

In the case at bar, Mr. McBurney fails to meet the requirements of Rule 702, to qualify as an expert witness. His educational training is totally lacking in the area of appraisal work and valuation. While he does have some experience and training in appraisal work, his entire background is in the area of residential property—which is not comparable to the property at bar. McBurney fails to clear the hurdle which brings his prior appraisal and valuation experience to par with the commercial property the subject of this dispute. Accordingly, the objection to McBurney's testimony as an expert witness in this case is sustained.

While McBurney does not meet the qualifications of an expert witness, Rule 701, F.R.Evid. allows opinion testimony by a lay witness, upon satisfaction of certain criteria. The rule provides:

"Rule 701. Opinion Testimony by Lay Witnesses.

If the witness is not testifying as an expert, his testimony in the forms of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

In the present case, McBurney was testifying as a lay witness based on his investigation of the assessments made by the DOR on the Debtors' property. This investigation led to an opinion or conclusion on the valuation of the improvements to the Chalet Motel based on comparable sales of eighteen parcels of real estate sold in the Whitefish area between March of 1976 and June of 1977.

The provisions and procedures for setting aside or redetermining a tax assessment are set forth in Title 15, Part 1, M.C.A. (1985). The Montana Supreme Court has held that in order to obtain relief upon the ground that property is assessed inequitably, the taxpayer must prove (1) that there are several other properties within a reasonable area similar and comparable to his; (2) the amount of the assessments on these properties; (3) the actual value of the comparable properties; (4) the actual value of his property; (5) the assessment complained of; (6) that by a comparison his property is assessed at a higher proportion of its actual value than the ratio existing between the assessed and actual valuations of the similar and comparable properties, thus creating discrimina-

tions. *Department of Revenue v. State Tax Appeal Board,* 188 Mont. 244, 613 P.2d 691, 695 (1980); citing *Maxwell v. Shivers,* 257 Iowa 575, 133 N.W.2d 709, 711 (1965).

McBurney as an investigator used eighteen parcels of residential property sold in the Whitefish area between March 1976 and June 1977 as comparables in reaching his conclusions on assessment values. From these comparable sales, McBurney arrived at a market value or sales value for the improvements to the land and then compared the DOR assessed value to the property to arrive at a 44.97% average value to assessment ratio for comparable sales in the Whitefish area. McBurney further testified that he deleted two parcels from the original 18 and thus amended his ratio factor to 48.95%. McBurney then totaled the construction costs for the improvements to the property in an amount of $400,420.00 and by application of the provisions of the Marshall-Swift Appraisal Manual arrived at a market value for the improvements of $268,642.00. Multiplication of the market value improvement figure by the 48.95% assessment ratio results in the Debtors' $131,500.00 appraisal value.

■ However, after considering the criteria used by McBurney in arriving at his conclusions, it appears his testimony based on investigation is flawed in two respects. The first is his failure to satisfy the *Maxwell* standard on comparable properties within a reasonable area. The *Maxwell* standard requires the taxpayer to prove there are several other properties within a reasonable area similar and comparable to his. In the case at bar all the comparable sales utilized by McBurney constituted residential property in the area. The witness failed to adequately establish reasonable similarities and comparisons between the residential property as basis of his opinion and the commercial property the subject of this proceeding. No commercial property was utilized in the study and in fact the witness testified to a lack of experience in appraising commercial property. Accordingly, the comparable properties used by

McBurney in the investigation are inadequate to satisfy the first requirement of the *Maxwell* criteria.

■ The second flaw in McBurney's testimony is his opinion evidence on the statistical analysis area of his investigation. The conclusions reached as to the proper market to assessment ratio and application of this ratio to the market costs call for expert testimony. As previously noted, McBurney lacks the essential qualifications, whether by education or experience, to draw conclusions based on statistical analysis. Thus the statistical conclusions of the witness carry no probative weight.

Therefore, after considering the testimony presented to the Court, I find and conclude the Debtors have not rebutted the DOR assessment by credible, competent evidence. Since the DOR enters this case with the presumption its appraisals and assessments are correct and that its properly submitted Proof of Claim constitutes prima facie evidence of the validity and amount of its claim, the evidence introduced by the Debtors failed to overcome the burden of proof placed on the Debtors.

IT IS ORDERED the Debtors' complaint herein is dismissed and the Proof of Claim of June 25, 1986, by the Flathead County Treasurer in the amount of $61,321.73 is allowed.

The Clerk shall enter judgment for the Defendants.

This opinion constitutes Findings of Fact and Conclusions of Law, pursuant to Rule 7052, Rules of Bankruptcy Procedure.